# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID MAURICE LYONS-BEY,

      Petitioner,

    v.

SHERMAN CAMPBELL,

      Respondent,

_____/

Case No. 5:16-CV-13797

HON. JOHN CORBETT O'MEARA

UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE MOTIONS FOR AN EVIDENTIARY HEARING, FOR DISCOVERY, FOR BOND PENDING APPEAL, TO EXPEDITE REQUEST FOR AN EVIDENTIARY HEARING, AND TO REMAND TO THE STATE COURT FOR A NEW APPEAL

David Maurice Lyons-Bey, ("petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for assault with intent to do great bodily harm less than murder, conspiracy to commit assault with intent to do great bodily harm less than murder, armed robbery, and conspiracy to commit armed robbery. On October 26, 2016, Magistrate Judge R. Steven Whalen signed an Order of Responsive Pleading, requiring the respondent to file an answer by May 1, 2017. Before the Court are petitioner's motions for an evidentiary hearing, for discovery, for bond pending appeal, to expedite his request for an evidentiary hearing, and to remand to the state court for a new appeal. For the reasons stated below, the motions are denied without prejudice.

1

**1. The motion for an evidentiary hearing.**

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without

2

these materials, the Court is unable to determine whether an evidentiary hearing on

petitioner's claims is needed.  Following receipt of these materials, the Court will then

determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

**2.  The motion for discovery.**

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a

matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Instead, a

habeas petitioner is entitled to discovery only if the district judge "in the exercise of his

discretion and for good cause shown grants leave" to conduct discovery. Rule 6

Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §

2254.  To establish "good cause" for discovery, a habeas petitioner must establish that the

requested discovery will develop facts which will enable him or her to demonstrate that

he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09.  The burden is on the

petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,*

266 F. 3d 442, 460 (6th Cir. 2001).  A further limitation on discovery is the case of

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), in which the Supreme Court held that

under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from

considering new evidence when reviewing a petition under § 2254(d) where the

petitioner's claims were adjudicated on the merits in state court proceedings.

Until a respondent files an answer to the habeas petition, "it is impossible to

evaluate what, if any, discovery is needed and whether the discovery is relevant and

appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F.

3

Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. Sept. 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting the discovery request at this time would be premature. The motion for discovery is denied without prejudice. *Id.*

### 3. The motion for bond.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

### 4. The motion to expedite.

Petitioner requests an expedited hearing on his petition.

The Court's order of responsive pleadings requires an answer to be filed by respondent no later than May 1, 2017. At that time, the Court will consider and dispose of the case as justice so requires. This Court has the discretion under the rules governing

4

responses in habeas corpus cases to set a deadline for a response to a habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.. As another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(*citing to Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). Until the Court receives the respondent's answer, it is not in a position to address the merits of petitioner's claims. Petitioner failed to show good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition, because petitioner has shown no undue delay or that any delay had been or would be highly prejudicial to him. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner's request and attack on his sentence "differs little from the vast majority of habeas petitions" that are filed with the court. *Id.* Petitioner has shown nothing which would separate his habeas application from the petitions that preceded it. *Id.* Petitioner has failed to demonstrate that his petition has such merit that expedited consideration is warranted. *Castillo,* 162 F. Supp. 2d 576.

**5. The motion to remand.**

Petitioner requests this Court to remand his case to the state courts for a new appeal because he claims that appellate counsel was ineffective.

Petitioner does not raise an ineffective assistance of appellate counsel claim in his actual petition. The petition for writ of habeas corpus, and not briefs or other documents,

provides the basis for granting a writ of habeas corpus. *See Scott v. Hopkins,* 82 F. Supp. 2d 1039, 1050 (D. Neb. 1999).  This Court declines to address any ineffective assistance of counsel appellate counsel claim which has not been raised in the petition for writ of habeas corpus. *Scott,* 82 F. Supp. 2d at 1050.  The motion to remand is denied without prejudice to petitioner moving to amend his petition to add an ineffective assistance of appellate counsel claim.

**IT IS HEREBY ORDERED** that the motion for an evidentiary hearing [Dkt. # 4], the motion for discovery [Dkt. # 5], the motion for bond [Dkt. # 6], the motion for an expedited hearing, [Dkt. # 7], and the motion to remand to the state court for a new appeal [Dkt. # 8] are **DENIED WITHOUT PREJUDICE**.

s/John Corbett O'Meara
United States District Judge

Date:  October 27, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 27, 2016, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

6