UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MAURICE LYONS-BEY,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent,
_____/

Case No. 5:16-CV-13797
HON. JOHN CORBETT O'MEARA
UNITED STATES DISTRICT COURT

**OPINION AND ORDER (1) GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, (2) GRANTING THE MOTION TO EXTEND PETITIONER TIME TO FILE A MEMORANDUM OF LAW, (3) GRANTING RESPONDENT AN EXTENSION OF TIME TO FILE AN ANSWER TO THE ORIGINAL AND AMENDED PETITIONS, AND (4) DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PETITIONER'S PREVIOUSLY FILED MOTIONS**

David Maurice Lyons-Bey, ("petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 26, 2016, Magistrate Judge R. Steven Whalen signed an Order of Responsive Pleading, requiring the respondent to file an answer by May 1, 2017.

On October 27, 2016, this Court denied petitioner's motions for an evidentiary hearing, for discovery, for bond pending appeal, to expedite his request for an evidentiary hearing, and to remand to the state court for a new appeal.

Petitioner has filed a motion to amend the petition for writ of habeas corpus and a motion for an extension of time to file a memorandum of law in support of his amended

1

petition.  These motions are **GRANTED.**  Petitioner has **sixty (60) days** from the date of this order to file a memorandum of law.

Respondent filed a motion for a stay of the responsive pleading order, which is basically a motion for an extension of time to file a response to the petition.  Respondent is **GRANTED sixty (60) days** from the date of this order, or the date of the receipt of petitioner's memorandum of law, whichever is later, to file an answer to the original and amended habeas petitions.  Petitioner's motion for reconsideration of the Court's October 27, 2016 order is **DENIED.**

**1.  The motion to amend the petition is GRANTED.**

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15.  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).  A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997)(internal citations omitted).  However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F. 3d at 342.

The Court will permit petitioner to amend his habeas petition.  Petitioner's proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir.

2016). Additionally, because petitioner has filed this motion to amend the petition before respondent filed an answer to the original petition, the motion to amend should be granted. *See Anderson v. U.S.*, 39 F. App'x. 132, 136 (6th Cir. 2002).

**2. The motion for an extension of time to file a memorandum of law is GRANTED.**

Petitioner requests a sixty day extension of time to file a memorandum of law.

A habeas petitioner is permitted to assert his or her claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). The Court will therefore grant petitioner a sixty day extension of time to file a brief in this matter in support of his habeas petition.

**3. Respondent is GRANTED an extension of time to file an answer.**

Respondent requests an extension of time to file an answer to the original and amended habeas petitions.

A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts before determining the time when an answer must be made. *See Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985). This Court finds that sixty days from the receipt of petitioner's memorandum of law or the date of this order, whichever comes later, is a reasonable time in which to request a response in this case, taking into account the complexity of the petition, the ability of the respondent to acquire the relevant

documentary evidence, and the current caseload of the Attorney General's Office. *See Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996).

**4. The motion for reconsideration is DENIED.**

Petitioner moves for reconsideration of this Court's October 27, 2016 order denying his motions for an evidentiary hearing, for discovery, for bond, for an expedited hearing, and to remand to the state court for a new appeal.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002).

Petitioner's motion for reconsideration is denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's motions. *Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

## ORDER

**IT IS ORDERED that:**

**(1) The motion to amend the petition (Doc. 15) is GRANTED.**

**(2) The motion for an extension of time to file a memorandum of law (Doc. 20) is GRANTED. Petitioner shall file his memorandum of law within 60 days of this order.**

**(3) Respondent's motion for an extension of time (Doc. 21) is GRANTED. Respondent shall file an answer within sixty days from the later of the date of of this order or the receipt of petitioner's memorandum of law.**

**(4) The motion for reconsideration (Doc. # 16) is DENIED.**


                          s/John Corbett O'Meara
                          United States District Judge


Date: April 28, 2017


     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 28, 2017, using the ECF system and/or ordinary mail.


                          s/William Barkholz
                          Case Manager