**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID MAURICE LYONS-BEY,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent,

_____/

Case No. 5:16-CV-13797
HON. JOHN CORBETT O'MEARA
UNITED STATES DISTRICT COURT

**OPINION AND ORDER DENYING THE MOTIONS FOR SUMMARY JUDGMENT (Dkts. # 24, 34), THE MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. # 25), THE RENEWED MOTION FOR AN EVIDENTIARY HEARING, FOR DISCOVERY, AND FOR RELEASE ON BOND (Dkt. # 30), THE MOTION FOR ORAL ARGUMENT, (Dkt. # 31), THE MOTION TO EXPEDITE THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. # 33), AND THE MOTION TO STRIKE THE ANSWER (Dkt. # 35).**

David Maurice Lyons-Bey, ("petitioner), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a number of motions. For the reasons that follow, the motions are DENIED.

**1. The motions for summary judgment and the motion for judgment on the pleadings.**

Petitioner filed two motions for summary judgment and a motion for judgment on the pleadings.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment

1

as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. Proc. 56(c)). The summary judgment rule applies to habeas proceedings. *Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001)(citing to *Hauck v. Mills*, 941 F. Supp. 683, 686-687 (M.D. Tenn. 1996)). However, a federal district court should not enter a summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact. *United States ex. rel. Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983).

In this case, respondent has filed an answer to petitioner's application for a writ of habeas corpus, in which he argues that petitioner is not entitled to habeas relief. The Court cannot conclude at this time that there is no genuine issue of material fact.

To the extent that petitioner is asking the Court to enter a default judgment based upon respondent's failure to file a timely answer, this Court is without power to grant petitioner a default judgment in this case, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The motions are denied.

**2. The renewed motion for an evidentiary hearing, for discovery, and for bond.**

Petitioner filed a renewed motion for an evidentiary hearing, for discovery, and for release on bond.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an

evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).

The renewed motion for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the pleadings or the state court record. Without reviewing these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Following review of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims. The motion for an evidentiary hearing is denied without prejudice.

Petitioner filed a renewed motion for discovery.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a

matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d at 460. A further limitation on discovery is the recent case of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings.

Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007). In addition, none of the Rule 5 materials have been reviewed by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

4

Petitioner filed a motion for bond.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner has failed to establish at this time that he would prevail on the merits of his claims, he is not entitled to release on bail. *See e.g. Greenup v. Snyder,* 57 Fed. Appx. 620, 621-22 (6th Cir. 2003).

**3. The motion for oral argument.**

Petitioner has also filed a motion for oral argument.

A federal district court can grant oral argument in a habeas case where it would assist in resolving the matters raised in the habeas petition. *See e.g. Haskell v. Berghuis,* 695 F. Supp. 2d 574, 584 (E.D. Mich. 2010). Petitioner's request for oral argument is premature. The Court will reconsider petitioner's motion once it reviews all of the pleadings and Rule 5 materials.

**4. The motion to expedite the petition.**

Petitioner moved for an expedited hearing on his petition.

Petitioner has failed to show good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition, because petitioner has shown no undue delay or that any delay had been or would be highly prejudicial to him. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). Petitioner merely argues that his current sentence is illegal. Petitioner's request and attack on his sentence "differs little from the vast majority of habeas petitions" that are filed with the court. *Id.* Petitioner has shown nothing which would separate his habeas application from the petitions that preceded it. *Id.* Petitioner has failed to demonstrate that his petition has such merit that expedited consideration is warranted. *Castillo,* 162 F. Supp. 2d 576. The motion is denied.

**5. The motion to strike the answer.**

Petitioner moved to strike the respondent's answer because of their cursory response to his third claim.

The Court will deny petitioner's request to strike respondent's answer. As another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002). The problem with striking a respondent's answer is that any such decision by the court "creates a self-inflicted wound", because without a response from the State of Michigan, "a judge is left with a one-sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which

6

the prisoner was convicted." *Id.* at 921. Under these circumstances, a judge is unable to "isolate the precise contours of the dispute", because he or she would be "missing half of the story", i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.* Therefore, although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id.* at 922. Accordingly, the Court will not strike respondent's answer.

**IT IS HEREBY ORDERED** that the motions for summary judgment (Dkt. ## 24, 34), the motion for judgment on the pleadings (Dkt. # 25), the renewed motion for an evidentiary hearing, for discovery, and for bond (Dkt. # 30), the motion for oral argument (Dkt. # 31), the motion for an expedited hearing, (Dkt. # 33), and the motion to strike the pleadings (Dkt. # 35) are **DENIED**.

                                                   s/John Corbett O'Meara
                                                   United States District Judge

Date: January 24, 2018

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 24, 2018, using the ECF system and/or ordinary mail.

                                                   s/William Barkholz
                                                 Case Manager