# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID MAURICE LYONS-BEY,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent,

_____/

Case No. 5:16-CV-13797
HON. JOHN CORBETT O'MEARA
UNITED STATES DISTRICT COURT

**OPINION AND ORDER DENYING AS MOOT THE MOTION FOR SUMMARY JUDGMENT (Dkt. # 41), DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (Dkt. # 42), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

On February 14, 2018, this Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*.

Petitioner has filed a motion for summary judgment and a motion for relief from judgment. The motions are denied.

Given this Court's previous determination that Petitioner is not entitled to federal habeas relief, the motion for summary judgment will be denied as moot. *See Ortiz v. Williams,* 489 F. Supp. 2d 381, 386 (D. Del. 2007).

Petitioner claims in his Rule 60(b) motion that this Court erred in adjudicating his sufficiency of evidence claim.

A Rule 60(b) motion should be denied when the movant attempts to use the motion to relitigate the merits of a claim. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004).

1

A movant under Rule 60(b) is also not entitled to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004). A habeas petitioner may not raise arguments during his or her first federal habeas proceeding, lose those arguments, and then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. *See Brooks v. Bobby*, 660 F. 3d 959, 962 (6th Cir. 2011).

This Court will deny this petitioner's Rule 60(b) motion, because petitioner is merely using the motion to relitigate the merits of an issue already decided adversely against him. *See Miles,* 90 F. App'x. at 458.

The Court denies petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability before he or she can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007). In habeas cases which involve a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he or she is able to make both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *Id.,* at 926, n. 1. Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will also

deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Based upon the foregoing, IT IS ORDERED that the motion for summary judgment (Dkt. # 41] is **DENIED AS MOOT** and the motion for relief from judgment (Dkt. # 42) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: March 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 8, 2018, using the ECF system and/or ordinary mail.

                                                      s/William Barkholz
                                                     Case Manager