# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 23, 2018

David M. Lyons-Bey
Michigan Reformatory
1342 W. Main Street
Ionia, MI 48846

Mr. Linus Richard Banghart-Linn
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48116

Ms. Laura Graves Moody
Office of the Attorney General of Michigan
P.O. Box 30217
Lansing, MI 48116

      Re: Case No. 18-1429, *David Lyons-Bey v. Randee Rewerts*
         Originating Case No. : 5:16-cv-13797

Dear Mr. Lyons-Bey and Counsel,

 The Court issued the enclosed Order today in this case.

              Sincerely yours,

              s/Jennifer Earl
              Case Manager
              Direct Dial No. 513-564-7066

cc: Mr. David J. Weaver

Enclosure

No. 18-1429

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DAVID M. LYONS-BEY, | ) | **FILED** |
|  | ) | Aug 23, 2018 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| RANDEE REWERTS, Warden, | ) |  |
|  | ) |  |
| Respondent-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

David M. Lyons-Bey, a pro se Michigan prisoner, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Lyons-Bey moves this court for a certificate of appealability and for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 22(b), 24(a)(5).

In 2013, a jury in the Macomb County Circuit Court convicted Lyons-Bey and his co-defendant Damien Banks of assault with intent to do great bodily harm less than murder, conspiracy to commit assault with intent to do great bodily harm less than murder, armed robbery, and conspiracy to commit armed robbery, arising from the assault and robbery of Brad Bohen in a T.G.I. Friday's parking lot. The jury acquitted Lyons-Bey and Banks of assault with intent to commit murder and conspiracy to commit first-degree murder. The trial court sentenced Lyons-Bey as a second habitual offender to concurrent terms of five to fifteen years for the assault convictions and fifteen to forty years for the armed robbery convictions. On appeal, the Michigan Court of Appeals affirmed Lyons-Bey's convictions. *People v. Lyons*, No. 319252, 2015 WL 6438128 (Mich. Ct. App. Oct. 22, 2015). The Michigan Supreme Court denied Lyons-Bey's application for leave to appeal but granted his motion to remand for

resentencing in light of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015). *People v. Lyons*, 879 N.W.2d 871 (Mich. 2016) (mem.). On remand, the trial court declined to resentence Lyons-Bey.

In his amended habeas petition, Lyons-Bey raised the following grounds for relief: (1) his trial counsel was ineffective for failing to present an alibi defense; (2) the trial court erred in excluding surveillance video of the assault; (3) there was insufficient evidence to support the original charges and his ultimate convictions; (4) the state court lacked jurisdiction over his case because there was an insufficient showing of probable cause to issue an arrest warrant on the armed robbery charges; (5) the trial court erred in giving jury instructions on lesser offenses; (6) the prosecutor allowed the victim to give perjured testimony about the surveillance video; and (7) his appellate counsel was ineffective for failing to file a motion to remand and for failing to file a brief. The district court denied Lyons-Bey's habeas petition and declined to issue a certificate of appealability. This timely appeal followed.

Lyons-Bey now moves this court for a certificate of appealability as to all issues in his habeas petition. *See* Fed. R. App. P. 22(b). This court will issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Lyons-Bey must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**<u>Ineffective Assistance of Trial Counsel</u>**

Lyons-Bey first claimed that his trial counsel was ineffective for failing to investigate his alibi defense, failing to file a notice of alibi, failing to request an alibi instruction, and failing to raise the alibi defense in his closing argument. In reviewing Lyons-Bey's ineffective-assistance claim on direct appeal, the Michigan Court of Appeals applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): (1) whether counsel's performance was deficient and (2) whether counsel's performance prejudiced the defense. The Michigan appellate

court declined to second-guess counsel's trial strategy to focus on the victim's credibility and the discrepancy between Lyons-Bey's actual appearance and the description given by the T.G.I. Friday's employee who interrupted the assault. The Michigan Court of Appeals further noted that Lyons-Bey had not presented affidavits from his purported alibi witnesses, failing to establish the factual predicate for his claim. Finally, the Michigan appellate court found that Lyons-Bey was not prejudiced by the lack of an alibi instruction given that the jury heard Lyons-Bey's own testimony about his alibi and that a person of ordinary intelligence could evaluate his testimony without a special instruction.

Habeas review of Lyons-Bey's ineffective-assistance claim is "doubly" deferential: "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Counsel made a reasonable strategic decision to focus on a misidentification, rather than an alibi, defense, particularly where Lyons-Bey made a statement to police in which he admitted his presence at the crime scene, refuting his alibi. *See Taylor v. Abramajtys*, 20 F. App'x 362, 364 (6th Cir. 2001). Despite counsel's purported failures, Lyons-Bey presented his alibi defense through his own testimony. Under these circumstances, reasonable jurists could not debate the district court's rejection of Lyons-Bey's ineffective-assistance claim.

The arguments raised in Lyons-Bey's motion do not warrant a certificate of appealability. Given that Malaki Greathouse was suspected to be one of the assailants, he likely would have invoked his Fifth Amendment privilege against self-incrimination if subpoenaed by counsel. Unlike *Clinkscale v. Carter*, 375 F.3d 430 (6th Cir. 2004), in which the habeas court applied de novo review to the petitioner's ineffective-assistance claim, the district court here was limited to the record before the state court, which, as the Michigan Court of Appeals pointed out, was lacking factual support for Lyons-Bey's ineffective-assistance claim. *See Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). The officer's testimony regarding Lyons-Bey's statement admitting his presence at the crime scene was admitted into evidence at trial and was properly considered by the district court.

Lyons-Bey also asserted that counsel was ineffective for failing to obtain or investigate the destruction of two cell phones, which he claimed contained evidence in support of his alibi and misidentification defenses. The district court rejected this claim as conclusory and lacking evidentiary support. *See, e.g.*, *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). According to Lyons-Bey, his affidavit in support of his motion to remand for a *Ginther* hearing provided evidentiary support for this claim. Even with Lyons-Bey's conclusory affidavit, jurists could not conclude that this claim deserves encouragement to proceed further.

**Exclusion of Surveillance Video**

Lyons-Bey next claimed that he was denied due process when the trial court excluded the surveillance video from the T.G.I. Friday's where the assault took place but allowed the victim to testify about the contents of the video. After the trial court excluded the surveillance video for lack of an adequate foundation, the parties stipulated to the admission of still shots from the video. On direct appeal, the Michigan Court of Appeals concluded that Lyons-Bey had waived his challenge to the trial court's evidentiary ruling by stipulating to the admission of the still photographs. The district court held that Lyons-Bey was not entitled to habeas relief on this claim for three reasons: (1) the authentication requirement did not violate his constitutional right to present a defense, (2) his counsel stipulated to the admission of the still photos, and (3) he failed to show that the surveillance video contained any exculpatory evidence.

In his motion for a certificate of appealability, Lyons-Bey argues that the district court misconstrued his claim. Lyons-Bey contends that the victim was allowed to testify about the contents of the excluded video and that he was precluded from rebutting the victim's testimony with the video in violation of his constitutional rights. Lyons-Bey asserts that a state district court judge ruled at a preliminary hearing that Lyons-Bey's face could not be seen from the surveillance video and that the victim therefore committed perjury when he testified that he could identify Lyons-Bey's face from the video. Lyons-Bey misrepresents the record. During the preliminary hearing, the state district court judge merely acknowledged that it was difficult to make an identification from the video, which was taken from a distance. At trial, prior to the

trial court's ruling on the video, counsel for Lyons-Bey's co-defendant questioned the victim about the video. The victim, who had previously testified that he had identified the defendants before he saw the video, testified that he could also identify them from the video: "I could identify them because I was there and I know who was standing where."

"[T]he Supreme Court has made it perfectly clear that the right to present a 'complete' defense is not an unlimited right to ride roughshod over reasonable evidentiary restrictions." *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003). Given that Lyons-Bey had other means of challenging the victim's identification, the trial court's exclusion of the surveillance video under a state evidentiary rule did not deprive him of his right to present a defense. Jurists could not conclude that this issue is adequate to deserve encouragement to proceed further.

**Perjured Testimony**

Lyons-Bey relatedly claimed that the victim committed perjury when he testified that he could see the assailants' faces on the surveillance video. According to Lyons-Bey, the judge, the police officer, the defense attorneys, and the prosecutor all reviewed the surveillance video and agreed that they could not identify anyone from the video.

To prevail on a perjured testimony claim, a petitioner "must show that the statement in question was 'indisputably false.'" *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) (quoting *United States v. Lochmondy*, 890 F.2d 817, 823 (6th Cir. 1989)). Lyons-Bey cannot make such a showing. When asked if he could see the assailants' faces in the video, the victim responded, "I can identify them. I can see their profile, their demeanor." Unlike the judge, police officer, and attorneys involved in the case, the victim was present during the assault and knew two of his assailants previously. As the victim testified, "I could identify them because I was there and I know who was standing where." Accordingly, reasonable jurists could not debate the district court's rejection of Lyons-Bey's claim that the victim committed perjury.

**Sufficiency of the Evidence**

Lyons-Bey asserted that the prosecution presented insufficient evidence to support the original charges and his ultimate convictions. The Michigan Court of Appeals reviewed the

sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979): "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." On habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court" and "instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

According to Lyons-Bey, there was insufficient evidence supporting the original charges of assault with intent to commit murder and conspiracy to commit first-degree murder to present those charges to the jury. The Michigan Court of Appeals observed that, under state law, "[w]here a greater charge is improperly submitted to the jury, but the defendant is acquitted of that charge and convicted of a lesser offense that was properly submitted to the jury, the error is harmless unless 'persuasive indicia of jury compromise are present.'" *Lyons*, 2015 WL 6438128, at *4 (quoting *People v. Graves*, 581 N.W.2d 229, 235 (Mich. 1998)). The state appellate court pointed out that Lyons-Bey did not claim jury compromise. The Michigan Court of Appeals went on to determine that there was sufficient evidence to present those charges to the jury: the evidence showed that the victim identified Banks and Lyons-Bey as his assailants; that Banks, using a phone later traced to Lyons-Bey, called the victim twice to lure him to the parking lot; and that Banks and Lyons-Bey together attacked the victim, "using a hard blunt object to strike him in the skull." *Id.* at *5. On habeas review, the district court concluded that any error was harmless given that Lyons-Bey was acquitted of these charges. *See Daniels v. Burke*, 83 F.3d 760, 765 n.4 (6th Cir. 1996).

In his motion for a certificate of appealability, Lyons-Bey argues that the Michigan appellate court's decision is contrary to *Jackson* because the court required him to establish jury compromise. While noting that Lyons-Bey did not claim jury compromise, the Michigan Court of Appeals went on to analyze the sufficiency of the evidence supporting these charges under the

*Jackson* standard. Accordingly, jurists could not conclude that this issue deserves encouragement to proceed further.

Lyons-Bey further argues in his motion for a certificate of appealability that the district court did not review his claim that the prosecution failed to establish each essential element of the lesser included offense of assault with intent to do great bodily harm less than murder and failed to prove that crime under an aiding and abetting theory. Given that the Michigan Court of Appeals found sufficient evidence to support the charge of assault with intent to murder, there was also sufficient evidence to support Lyons-Bey's conviction of assault with intent to do great bodily harm less than murder. There is no distinction between a principal and an aider and abettor under Michigan law. *See* Mich. Comp. Laws § 767.39. Jurists could not conclude that this issue deserves encouragement to proceed further.

Lyons-Bey also challenged the sufficiency of the evidence supporting his convictions for armed robbery and conspiracy to commit armed robbery. The Michigan Court of Appeals held that the jury could find that Lyons-Bey conspired to commit and committed armed robbery, and the district court determined that the state court reasonably rejected Lyons-Bey's insufficient evidence claim. The victim testified that, earlier that day, Banks heard the victim tell his attorney that he had sufficient money to pay a retainer and fees; that the victim had approximately $2,500 with him that evening, having cashed a $3,000 check; that Banks called the victim twice to arrange a meeting, using a phone later traced to Lyons-Bey; that an assailant went through the victim's pocket during the assault; that the victim might have thrown money on the ground in an attempt to stop the beating; and that the victim had $661 after the assault. Based on the evidence presented at trial, jurists of reason could not debate the district court's resolution of Lyons-Bey's insufficient evidence claim.

In his motion for a certificate of appealability, Lyons-Bey argues that the district court improperly relied on the recitation of the evidence by the Michigan Court of Appeals in discussing Banks's insufficient evidence claim. Banks and Lyons-Bey were tried jointly; therefore, the jury heard the same evidence with respect to both defendants.

**Lack of Probable Cause**

Lyons-Bey claimed that the state court lacked jurisdiction over his case because there was an insufficient showing of probable cause to issue an arrest warrant on the armed robbery charges. Rejecting this claim, the Michigan Court of Appeals held that the circuit court had subject-matter jurisdiction over the charged felony offenses and acquired personal jurisdiction over Lyons-Bey when he was bound over for trial after the preliminary examination. The district court concluded that Lyons-Bey's argument, construed as either a state law issue or a Fourth Amendment claim, was not cognizable on federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

Lyons-Bey argues that there was no probable cause to issue the arrest warrant because the detective who sought the warrant later admitted that he had no direct evidence that Lyons-Bey committed armed robbery or conspiracy to commit armed robbery. Sufficient circumstantial evidence—the victim identified Lyons-Bey as one of his assailants and was missing a significant amount of money after the attack—provided probable cause to issue a warrant. Accordingly, jurists could not conclude that this issue deserves encouragement to proceed further.

**Jury Instructions on Lesser Offenses**

Lyons-Bey claimed that the trial court erred in giving jury instructions on the lesser offenses of assault with intent to do great bodily harm less than murder and conspiracy to commit assault with intent to do great bodily harm less than murder.

The Michigan Court of Appeals found no error in instructing the jury on assault with intent to do great bodily harm less than murder because, under Michigan law, that offense is a necessarily included lesser offense of the original charge of assault with intent to commit murder. "[A]n instruction on a lesser included offense may be given over the defendant's objection, because the defendant has sufficient notice, when charged with the greater offense, that [he] may also have to defend against the lesser charge." *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir. 2000). Reasonable jurists could not debate the district court's conclusion that the lesser included offense instruction did not violate Lyons-Bey's due process rights.

Case 5:16-cv-13797-JCO-DRG ECF No. 46 filed 08/23/18 PageID.3254 Page 10 of 11  (10 of 11)

No. 18-1429
- 9 -

The Michigan Court of Appeals determined that the instruction on conspiracy to commit assault with intent to do great bodily harm less than murder was improper because that offense is not a necessarily included lesser offense of the original charge of conspiracy to commit first-degree murder. The state appellate court went on to hold that defense counsel waived any claim of error by approving the instruction and that Lyons-Bey had not challenged defense counsel's performance in this regard. On habeas review, the district court determined that Lyons-Bey could not seek habeas relief for this invited error. *See Fields v. Bagley*, 275 F.3d 478, 486 (6th Cir. 2001). Reasonable jurists could debate whether Lyons-Bey invited the error. Accordingly, the court will grant a certificate of appealability as to this claim.

**Ineffective Assistance of Appellate Counsel**

Lyons-Bey claimed that his first appellate counsel was ineffective for failing to file a motion to remand for a *Ginther* hearing. First, the district court determined, appellate counsel's decision to raise an ineffective-assistance claim without requesting an evidentiary hearing "was a reasonable recognition that the allegations of ineffective assistance could be determined from the trial transcript alone." *Young v. Miller*, 883 F.2d 1276, 1280 (6th Cir. 1989). Second, Lyons-Bey could not show prejudice because the underlying ineffective-assistance claim regarding the alibi defense lacked merit and because he was able to raise his ineffective-assistance claim and request for a *Ginther* hearing in his pro per supplemental brief and motion to remand, which were considered and rejected by the Michigan Court of Appeals. For these reasons, reasonable jurists could not debate the district court's rejection of Lyons-Bey's ineffective-assistance claim.

Lyons-Bey next claimed that his second appellate counsel was ineffective for failing to file a brief. But his first appellate counsel had already filed a brief. Under Michigan Court Rule 7.212(G), after initial briefing, no additional or supplemental briefs may be filed except by leave of the court. Lyons-Bey's second appellate counsel moved to file a supplemental brief, but the Michigan Court of Appeals denied the motion. Jurists of reason could not disagree with the district court's conclusion that Lyons-Bey was not entitled to habeas relief on this claim where his second appellate counsel attempted to file a supplemental brief.

For these reasons, the court **GRANTS** Lyons-Bey's motion for a certificate of appealability as to the jury instruction on conspiracy to commit assault with intent to do great bodily harm less than murder and directs the clerk's office to establish a briefing schedule for that issue only. Lyons-Bey's motion for a certificate of appealability is otherwise **DENIED**. Lyons-Bey's motion for leave to proceed in forma pauperis on appeal is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk